IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03119-REB-KLM

DAVID VERES, and
ROBIN VERES,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.,
HSBC BANK USA NATIONAL ASSOCIATION, as trustee for Wells Fargo Asset Securities
Corporation, Mortgage Pass-Through Certificate Series 2006AR11,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, and Does 1-10, Inclusive,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

        This matter is before the Court on Plaintiffs' **Ex Parte Notice, Application for**

**Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction;**

**Memorandum of Points and Authorities in Support Thereof** [Docket No. 5; Filed

December 11, 2012] (the "Motion").   Pursuant to 28 U.S.C. § 636(b)(1) and

D.C.COLO.LCivR 72.1C(3), the Motion has been referred to this Court for

recommendation.  Having reviewed the case file and being sufficiently advised, the Court

**RECOMMENDS** that the Motion [#5] be **DENIED**.

**I. BACKGROUND**

        Plaintiffs, who proceed in this matter *pro se*,[1] initiated this lawsuit on November 29,

_____

        [1]  The Court is mindful that it must construe the filings of *pro se* litigants liberally.  *See*
*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

2012.  *See Compl.* [#1].  Plaintiffs' Verified Complaint alleges fourteen causes of action

pertaining to the foreclosure of their property at 871 Diamond Ridge Circle in Castle Rock,

CO 80108.  [#5] at 6-17.  Plaintiffs summarize their allegations as follows:

> The Gravamen of Plaintiffs' Complaint is Defendant's [sic] cannot legally
> foreclose on the MORTGAGE because the NOTE and MORTGAGE have
> separated and been transferred and/or assigned to different entities.  Since
> the NOTE was turned into a security, the original lender has been paid in full.
> Once the NOTE was converted into a stock, it is no longer a note.  It is a form
> of securities fraud for the note and the stock to exist at the same time called
> 'double dipping.'  Since securitization of the NOTE, the NOTE has lost its
> security component, the MORTGAGE and the Defendant's [sic] right to
> foreclose was lost forever.

*Id.* at 5.  Plaintiffs seek injunctive relief, declaratory relief, compensatory and punitive

damages, along with costs and attorneys' fees.  *Id.* at 17-18.

In the instant Motion, Plaintiffs seek a temporary restraining order ("TRO") to enjoin

Defendants from proceeding with a foreclosure sale of their property, currently scheduled

to occur on January 16, 2013.  [#5] at 1-2.  Plaintiffs seek this temporary relief pending a

hearing on their request for a preliminary injunction.  *Id.*  They request that the Court set

a hearing on the issuance of a preliminary injunction that would enjoin Defendants from

foreclosing on their property pending resolution of this case.  *Id.*  Plaintiffs argue that a TRO

should issue because they have made the required showings.  [#5] at 7.

## II.  ANALYSIS

Issuance of a TRO is discretionary with the Court.  *See Hinkel Dry Goods Co. v.*

---

1991).  However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply
additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory
on her behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935
F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other
litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

*Wichinson Indus. Gas Co.*, 64 F.2d 881, 883 (10th Cir. 1933).  Pursuant to Fed. R. Civ. P. 65(b)(1), a TRO may be issued without notice to the adverse party or its attorney:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Injunctive relief is intended to preserve the status quo until a final determination of the parties' rights can be reached.  *See Otero Savings & Loan Ass'n v. Fed. Res. Bank of Kansas City, Mo.*, 665 F.2d 275 (10th Cir. 1981).

Here, Plaintiffs have failed to make any showing pursuant to Fed. R. Civ. P. 65(b)(1)(B) that they attempted to give Defendants notice of this action and of their request for emergency injunctive relief.[2]  *See Brown v. Deutsche Bank Nat'l Trust*, No. 10-cv-02287-ZLW-MJW, 2010 WL 4256212, at *2 (D. Colo. Sept. 28, 2010) (applying to a *pro se* plaintiff the requirement of Fed. R. Civ. P. 65(b)(1)(B) that the movant's attorney certify in writing any efforts made to give notice to adverse parties).  Further, Plaintiffs have failed to provide any reason why such notice should be excused.  *See* Fed. R. Civ. P. 65(b)(1)(B). The foreclosure sale at issue is not set to occur until January 16, 2013, four full weeks from now.  Thus, ample time exists for Defendants to be heard on Plaintiffs' request for this extraordinary remedy.  Plaintiffs have failed to demonstrate otherwise.

## III. RECOMMENDATION

Accordingly, the Court respectfully **RECOMMENDS** that the Motion [#5] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have

---

[2]  No Defendant has been served as of the date of this Recommendation.

fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  December 19, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge