IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03119-REB-KLM

DAVID VERES, and
ROBIN VERES,

      Plaintiffs,

v.

WELLS FARGO BANK, N.A.,
HSBC BANK USA NATIONAL ASSOCIATION, as trustee for Wells Fargo Asset Securities
Corporation, Mortgage Pass-Through Certificate Series 2006AR11,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, and
DOES 1-10, Inclusive,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss Plaintiffs'**
**Complaint** [# 21] (the "Motion").[1]  Plaintiffs have not filed a response to the Motion and
their time to do so has elapsed.  *See* D.C.COLO.LCivR 7.1C.  Pursuant to 28 U.S.C. §
636(b)(1) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for
a recommendation regarding disposition.  *See Order Referring Case* [#3].  The Court has
reviewed the Motion, the entire docket, and the applicable law, and is sufficiently advised
in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS**
that the Motion [#21] be **GRANTED**.

_____

[1]  [#21] is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF).  I use
this convention throughout this Recommendation.

## I.  Statement of the Case

Plaintiffs reside at 871 Diamond Ridge Circle, Castle Rock, Colorado, 80108 (the "Property"). *Compl.* [#1] at ¶ 1.  They took out a mortgage loan (the "Mortgage") with Defendant Wells Fargo Bank ("WFB"), borrowing $1,000,000 to purchase the Property and executing a promissory note (the "Note") in which they agreed to repay the loan.  *Id.*; *Motion* [#21] at 2.  The Note was secured by a trust deed on the Property (the "Deed of Trust").  *Deed of Trust* [#21-2].[2]  Defendant WFB was identified as the lender on the Deed of Trust.  *Compl.* [#1] at ¶ 1.  Defendant Mortgage Electronic Registration Systems ("MERS") was identified as the nominee and beneficiary on the Deed of Trust.  *Compl.* [#1] at ¶ 1.

Defendant WFB subsequently securitized Plaintiffs' mortgage loan and placed it into a trust, naming Defendant HSBC Bank USA National Association ("HSBC") as the trustee.  *Motion* [#21] at 2; *see Compl.* [#1] at ¶¶ 2-3.  Plaintiffs believe that at this time Defendant HSBC was acting as the depositor for the trust and that Defendant WFB never assigned

---

[2] Normally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). However, a Court may consider documents outside of the complaint on a motion to dismiss in three instances. First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the plaintiffs' claims and to which the plaintiffs refer in their complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). Here, Plaintiffs refer to the Note in their Complaint, which is central to their claims. *See generally Compl.* [#1]. Therefore, it falls into the third category of documents and may appropriately be considered by the Court in making its recommendation on the pending motion. Furthermore, the Deed of Trust and Corporate Assignment of Deed of Trust fall into the second category of documents and, therefore, may also be considered by the Court in making its recommendation on the pending motion.

the mortgage to HSBC.  *Compl.* [#1] at ¶  2.  Defendant WFB did, however, execute a corporate assignment of the Deed of Trust to Defendant HSBC.  *Corporate Assignment of Deed of Trust* [#21-3] at 1; *see also Motion* [#21] at 2.

Plaintiffs allege that because Defendant WFB transferred the loan to Defendant HSBC, bundled the mortgage loan into a mortgage-backed security referred to as the RALI Series 2007 QH2 Trust (the "Trust"), and subsequently sold the Trust to investors, Defendants do not actually possess the original Note or its accompanying right to foreclose on the Property.  *Compl.* [#1] at ¶¶ 2, 10, 41.  Plaintiffs additionally allege that because the Note and Mortgage have been separated and transferred to different entities, no Defendant can legally foreclose on the Property.  *Compl.* [#1] at ¶ 41.

Plaintiffs further allege that Defendants are not holders in due course of the Note, beneficiaries under the Mortgage, and do not have any right to declare a default or foreclose on the Property.  *Id.* at ¶ 10.  Plaintiffs also allege that Defendants violated the Trust's Pooling and Services Agreement because Defendants did not provide Plaintiffs with all assignments and endorsements leading up to their inclusion in the Trust.  *Id.* at ¶ 11.  Plaintiffs allege that they were charged improper fees for their Mortgage because they actually qualified for a particular type of mortgage loan that would have generated less in fees and interest.  *Id* at. ¶ 12.  Finally, Plaintiffs allege that because the Note was not properly negotiated, assigning the Mortgage by itself does not grant the assignee a right to foreclose.  *Id.* at ¶¶ 38-39.

After Plaintiffs defaulted on their payments pursuant to the Note, Defendant HSBC initiated foreclosure proceedings against the Property.  *Verified Rule 120 Motion for Order Authorizing Sale* [#21-4] at 1; *see Motion* [#21] at 2.  On November 29, 2012, Plaintiffs filed

the Complaint asserting fourteen claims against Defendants WFB, HSBC, and MERS. *Compl.* [#1] at ¶¶ 42-128.   More specifically, Plaintiffs assert five federal law claims for violations of the Real Estate Settlement Procedure Act ("RESPA"), Truth in Lending Act ("TILA"), Home Ownership Equity Protection Act ("HOEPA"), Fair Debt Collection Practices Act ("FDCPA"), and Fair Credit Reporting Act ("FCRA"), and six state law claims for negligence per se, wrongful foreclosure, accounting, breach of the covenant of good faith and fair dealing, unjust enrichment, and fraudulent misrepresentation.  *Id.*  Plaintiffs seek a declaratory judgment quieting title, monetary damages, statutory damages, and injunctive relief.  *Id.*   On February 19, 2013, before the foreclosure sale occurred, Plaintiffs filed for bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code.  *See generally Notice of Bankruptcy Case Filing* [#21-6]; *see Motion* [#21] at 2.

## II.  Standard of Review

### A.    Rule 12(b)(6)

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*  (citation omitted).  That said, "[s]pecific facts are not necessary[.  Instead,] the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[, and is not required to] include all facts necessary to carry the plaintiff's burden."  *Khalik*, 671 F.3d at 1192 (internal citation and quotation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citation omitted).  As the Tenth Circuit has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).

## B.   Pro Se Litigants

The Court must construe the filings of pro se litigants liberally.  *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the pro se litigants' advocate, nor should the

Court "supply additional factual allegations to round out [the pro se litigants'] complaint or construct a legal theory on [their] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing Hall, 935 F.2d at 1110). Additionally, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III. Analysis

### A.   RESPA

Plaintiffs allege that the "[o]riginator" and "[s]ervicing" Defendants (WFB, HSBC, and MERS) fraudulently accepted payment for services they never actually performed. *Compl.* [#1] at ¶ 107.[3]  Defendants contend that Plaintiffs' RESPA claim is barred by the statute of limitations because they filed the Complaint on November 29, 2012, more than five years after the closing date of the loan.[4]  *Motion* [#21] at 4.  Plaintiffs argue that because they learned of Defendants' alleged fraudulent actions "only recently," the statute of limitations was tolled until Plaintiffs discovered the fraud. *Compl.* [#1] at ¶ 109.

RESPA § 2607(b) prohibits acceptance of any payment "made or received for the

---

[3] Loan origination, as opposed to loan servicing, includes all of the steps involved in making a new loan, through disbursal of funds. INVESTOPEDIA.COM: LOAN ORIGINATION, http://www. investopedia.com/terms/o/origination.asp (last visited January 9, 2014). Loan servicing is the administrative aspect of a loan from the time of loan disbursement until the loan is paid off. INVESTOPEDIA.COM: LOAN SERVICING, http:// www.investopedia.com/terms/l/loan servicing.asp (last visited January 9, 2014).
Because Defendant WFB disbursed the Mortgage to Plaintiffs, the Court interprets "Originating Defendants" to refer to WFB. *See Compl.* [#1] at 1-2; *Motion* [#21] at 2; [#21] at Ex. 1 (Note). Because HSBC was later assigned the Mortgage and Deed of Trust and MERS was identified as the nominee and beneficiary of the Mortgage, the Court interprets "Servicing Defendants" to refer to Defendants HSBC and MERS. *Compl.* [#1] at 1-2; *Motion* [#21] at 2.

[4] Defendants' Motion states that Plaintiffs filed their Complaint on "November 20, 2012." The Court notes that Plaintiffs' Complaint was filed on "November 29, 2012." *See generally, Compl.* [#1].

rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b). The statute of limitations pursuant to RESPA is one year running "from the date of the occurrence of the violation." 12 U.S.C. § 2614; *Kilgore v. Wells Fargo Home Mortg.*, No. 1:12-CV-899 AWI SMS, 2013 WL 2303004, at *2 (E.D. Cal. May 24, 2013) ("[A] RESPA claim brought under 12 U.S.C. § 2607 . . . is subject to a one year statute of limitations."); *Duke v. H & R Block Bank*, No. 10-cv-01927, 2011 WL 1060656, at *4 (D. Colo. Mar. 8, 2011) (acknowledging a "one year" statute of limitations for an action brought pursuant to RESPA § 2607); *Kruse v. Countrywide Home Loan Servicing, LP*, No. 09-cv-02844-LTB-KLM, 2010 WL 3791044, at *2 (D. Colo. Sept. 22, 2010) (acknowledging a one year statute of limitations for a RESPA claim); *Perkins v. Johnson*, 551 F. Supp. 2d 1246, 1253 (D. Colo. 2008) (acknowledging a one-year statute of limitations for a RESPA claim). The date of the occurrence of the violation was April 24, 2006, the date the loan closed.[5] *See Betancourt v. Countrywide Home Loans, Inc.*, 344 F. Supp. 2d 1253, 1258 (D. Colo. 2004) (the "date of the occurrence" triggering the limitations period refers to the date of the closing of the loan); *Perkins*, 551 F. Supp. 2d at 1252-1253 (holding that the one year statute of limitations began to run on the date that the "loan closed"); *see also Personius v. Homeamerican Credit, Inc.*, 234 F. Supp. 2d 817, 820 (N.D. Ill. 2002). Therefore, Plaintiffs were required to assert their RESPA claim no later than April 24, 2007. Plaintiffs filed their Complaint on November 29, 2012, well after the expiration of the statute of

---

[5] In the absence of an allegation by Plaintiffs that Defendants accepted any relevant charges after the loan's closing date, the Court assumes for the purposes of this Recommendation that all charges were accepted on or before the closing date.

limitations.

Although not raised by Plaintiffs, the Court considers whether the doctrine of equitable tolling should apply because Plaintiffs allege that they "only recently" learned that Defendants accepted charges for services they never actually performed. *Compl.* [#1] at ¶¶ 107, 109. Despite legal precedent supporting equitable tolling of the RESPA statute of limitations, the Tenth Circuit has noted that application of the doctrine is limited to "rare and exceptional circumstances." *Garcia v. Shanks*, 351 F.3d 468, 473 (10th Cir. 2003). Specifically, equitable tolling is only available when plaintiffs "diligently pursue[ their] claims and demonstrate that the failure to timely file was caused by extraordinary circumstances beyond [their] control." *Id.*; *Kruse*, 2010 WL 3791044, at *3; *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (holding that equitable tolling of a statute may be triggered: (1) where a plaintiff has "actively pursued his judicial remedies by [filing] a defective pleading during the statutory period" or (2) where a plaintiff was "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass").

Plaintiffs do not allege any facts justifying equitable tolling here. For example, Plaintiffs do not allege that fraudulent concealment prevented them from ascertaining which services they paid for. *See Perkins*, 551 F. Supp. 2d at 1253 (holding that equitable tolling was not sufficiently pled where plaintiffs did not allege that defendants fraudulently concealed or prevented investigation of evidence). In addition, Plaintiffs do not allege that Defendants prevented them from investigating or discovering any charges that were accepted for services other than for the "rendering of a real estate settlement service." *See id.* Further, Plaintiffs do not allege that they were denied any document that would have revealed Defendants' alleged acceptance of fraudulent charges. In fact, Plaintiffs fail to

allege which charges were supposedly fraudulent.  Accordingly, Plaintiffs fail to sufficiently allege the "rare and exceptional circumstance" which would justify tolling.

Although also not raised by Plaintiffs, the Court considers whether the federal discovery rule might save Plaintiffs' RESPA claim from dismissal.  *See id.* at 1254 (considering whether the federal discovery rule saved plaintiffs' RESPA claim sua sponte). Generally, a cause of action does not accrue and trigger the statute of limitations until the plaintiff discovers the injury.  *See United States v. Kubrick*, 444 U.S. 111, 122 (1979) (holding that a plaintiff's ignorance of the fact of his injury may postpone the statute of limitations, but ignorance of his legal rights will not); *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th  Cir. 2004) (noting that the statute of limitations is triggered when the plaintiff knows of facts that would put a reasonable person on notice that wrongful conduct caused the harm).  Plaintiffs argue that they did not discover "the actions of Defendants, including their failure to disclose and the fraud committed upon them [until] only recently." *Compl.* [#1] at ¶ 109.

The Tenth Circuit has not addressed the federal discovery rule in this context, nor does it appear to be heavily litigated in other circuits.  *Perkins*, 551 F. Supp. 2d at 1254. The Court is persuaded by the sound holdings of the courts which have addressed this issue that the federal discovery rule is inapplicable to the RESPA statute of limitations because Congress explicitly stated that the statute begins to run "from the date of the occurrence," rather than "when the action accrues," as it has stated in other statutory provisions.  *Compare* RESPA, 12 U.S.C. § 2614, *with* Federal Tort Claims Act, 28 U.S.C. § 2401(b); *see also Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 361 (5th Cir. 2003); *Mullinax v. Radian Guar. Inc.*, 199 F. Supp. 2d 311, 325 (M.D.N.C. 2002).  If discovery of

the injury triggered the statute of limitations at issue here, multiple pleading deadlines could exist as to a single transaction.  "RESPA nowhere suggests that Congress intended such [a result]. 'If Congress had intended the statute of limitations to float in this way, it could have so provided in the explicit language.'" *Snow*, 332 F.3d at 361 (quoting *Mullinax*, 199 F. Supp. 2d at 325).  Therefore, the "limitations period for RESPA claims begins to run 'from the date of the occurrence of the violation' rather than from when the action accrues, and must be measured with reference to this discrete event."  *In re Parker*, BR No. 05-01021, 2007 WL 1521068, at *2 n.4 (Bankr. D. Colo. May 21, 2007) (citing *Mullinax*, 199 F. Supp. 2d at 324); *see also*, *French v. JP Morgan Chase Bank, N.A.*, No. 13-cv-969-BEN (BLM), 2013 WL 6528510, at *5 (S.D. Cal. Nov. 25, 2013) ("Under RESPA[ § 2607,] an action by a private citizen must be brought within one year of the date of the occurrence of the violation.").  As stated above, here the occurrence date was April 24, 2006.  *See supra* § III.A.  Because the federal discovery rule is inapplicable to the RESPA statute of limitations and equitable tolling does not apply, the Court finds that Plaintiffs' RESPA claims are time barred.  Accordingly, the Court **recommends** that Plaintiffs' twelfth cause of action asserted against all Defendants be **dismissed with prejudice**.  *Gee v. Pacheco*, 627 F.3d 1178, 1181 (10th Cir. 2010) (affirming dismissal with prejudice of claims as barred by the statute of limitations).

**B.     TILA**

Plaintiffs allege that the "Originating Defendant" WFB or its predecessors failed to disclose certain charges in the TILA statement.  Plaintiffs allege that these charges were imposed on Plaintiffs in conjunction with the Mortgage and were never disclosed pursuant

to TILA § 1605 and Regulation Z, 12 C.F.R. § 226.4.  *See Compl.* [#1] at ¶ 111. Accordingly, Plaintiffs allege that Defendant WFB improperly disclosed financial charges in violation of TILA § 1601 and Regulation Z § 226.18(d).  *Id.*  Plaintiffs argue that Defendant WFB's alleged failure to disclose financial charges allows Plaintiffs to rescind the Mortgage transaction.  *Id.* at ¶ 113.  Defendant WFB contends that Plaintiffs' TILA claim is barred by a three-year statute, running from the date of consummation of the transaction or sale of the Property, whichever occurred first.  *Motion* [#21] at 4 (citing 15 U.S.C. § 1635(f)).  Because Plaintiffs' loan was disbursed on April 24, 2006, and Plaintiffs failed to assert their TILA claim before April 24, 2009, Defendant WFB alleges that Plaintiffs' TILA claim is time barred.  *Id.*; *Motion* [#21] at Exs. 1-2 (Note and Deed of Trust).

Pursuant to 15 U.S.C. § 1635(f), "an obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor."  Section 1635(f) is not a statute of limitations, but rather one of repose. *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1181 (10th Cir. 2012) (interpreting *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998)) ("Relying on the plain language of § 1635(f), . . . this provision 'govern[s] the life of the underlying right [of rescission],' and is therefore not a statute of limitations, but one of repose.") (emphasis in original).  As stated above, Plaintiffs filed the Complaint on November 29, 2012, more than six years after consummation of the Mortgage transaction. *See Note* [#21-1] at 1; *Deed of Trust* [#21-2] at 1; *see generally, Compl.* [#1].  Because Plaintiffs filed their TILA claim more than three years after the consummation of the Mortgage, their right to rescind no longer exists. *See*

*Beach*, 523 U.S. at 419 ("Congress's manifest intent . . . [was] that [TILA] permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run."); *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1181 (10th Cir. 2012) (affirming the district court holding that § 1635(f) "completely extinguishes the right of rescission under TILA at the end of the specified three-year period"); *Doss v. Clearwater Title Co.*, 551 F.3d 634, 638 (7th Cir. 2008) (noting that the Supreme Court in *Beach* "characterized § 1635(f) as a statute of repose and holding that borrowers may not assert a right to rescind as an affirmative defense in an action to collect brought by a lender more than three years after the consummation of the transaction"); *Barry v. Countrywide Home Loans, FSB*, No. 10–cv–1525–JLK, 2011 WL 441508, at *2 (D. Colo. Feb. 8, 2011) ("§ 1635(f) is a statute of repose which, without exception, extinguishes any right to rescind three years after a transaction has been consummated.").

Although not raised by Plaintiffs, the Court considers whether the doctrine of equitable tolling should apply because Plaintiffs allege that they learned of Defendant WFB's alleged failure to disclose and the fraud allegedly committed against them "only recently." *Compl.* [#1] at ¶ 114. To invoke the protection of equitable tolling, Plaintiffs bear the burden of showing (1) that they diligently pursued their rights, but (2) extraordinary circumstances prevented them from timely filing their claim. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Duke*, 2011 WL 1060656, at *4; *see also Heil v. Wells Fargo Bank, N.A.*, 298 F.App'x 703, 706 (10th Cir. 2008). Equitable tolling does not apply to a TILA claim when "nothing prevented [the plaintiff] from comparing the loan documents, [the defendant's] initial disclosures, and TILA's statutory and regulatory requirements." *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996). Further, to be entitled to equitable

tolling, plaintiff must allege that the defendant "concealed the reprobated conduct and despite the exercise of due diligence, [the plaintiff] was unable to discover that conduct." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see Heil*, 298 F.App'x at 706, 707 (holding that the plaintiffs failed to show equitable tolling of TILA claim where they were aware of the defendant's failure to credit payment, charging of fees, and improper payment of taxes).

Plaintiffs here allege that Defendants failed to include and disclose certain charges on the TILA statement, some of which were identified on the settlement statement listing the amount financed. *Compl.* [#1] at ¶ 11. However, Plaintiffs fail to allege that they were prevented from comparing Defendants' disclosures and the loan documents with TILA statutory and regulatory requirements. *See Duke*, 2011 WL 1060656, at *5 ("[Plaintiffs must] allege that they were prevented from investigating and discovering [the defendant's] role in alleged misconduct prior to the statute of limitations.") (emphasis in original); *see, e.g.*, *Perkins*, 551 F. Supp. 2d at 1253. Plaintiffs do not allege attempts to investigate the TILA statement's conformity with statutory requirements, or facts supporting the conclusion that attempts made would have proved futile. *See Marsh*, 223 F.3d at 1220; *Hubbard*, 91 F.3d at 79. Therefore, Plaintiffs fail to allege that they made diligent attempts to discover the alleged TILA violations. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (holding that Plaintiffs failed to allege diligent attempts were made where they produced no evidence of fraudulent concealment or other action by the lender preventing plaintiffs from discovering their claim); *Rosal v. First Fed. Bank of California*, 671 F. Supp. 2d 1111, 1123 (N.D. Cal. 2009) (equitable tolling not warranted where "[n]othing in the [operative complaint] suggest[ed] that plaintiff was prevented from comparing his loan

documents and disclosures with TILA statutory and regulatory requirements").

Furthermore, Plaintiffs allege that Defendant WFB calculated the annual percentage rate ("APR") in the Note based on improperly calculated and undisclosed amounts, in violation of TILA § 1601 and Regulation Z §§ 226.18(c), 18(d), and 22(d). *Compl.* [#1] at ¶ 112. However, merely alleging Defendant WFB's failure to provide adequate disclosures is insufficient to justify equitable tolling. *See Duke*, 2011 WL 1060656, at *5 (equitable tolling does not apply merely because a defendant fails to make a required disclosure); *Croxford v. Sutherland Title*, No. 2:10-CV-0573, 2011 WL 64306, at *1 (D. Utah Jan. 7, 2011) (holding that equitable tolling did not apply where plaintiffs argued that they were unaware of their rights because of the defendants' "calculated concealment and scheming behavior" yet did not explain which misdeed prevented the plaintiffs from exercising due diligence). The Court finds that because Plaintiffs have not alleged that they employed due diligence in attempting to discern the alleged TILA violations or that any extraordinary circumstance prevented them from discovering their alleged injury earlier, they are not entitled to equitable tolling.

Although also not raised by Plaintiffs, the Court considers whether the federal discovery rule may nevertheless save Plaintiffs' TILA claim from dismissal. *See Perkins*, 551 F. Supp. 2d at 1254 (considering whether the federal discovery rule saved Plaintiffs' RESPA claim sua sponte). Plaintiffs argue that they did not discover "the actions of Defendants, including their failure to disclose and the fraud committed upon them [until] only recently." *Compl.* [#1] at ¶ 114.

As stated above in the RESPA context, the federal discovery rule does not appear to have been addressed by the Tenth Circuit regarding the TILA statute. Congress, in TILA

§ 1635(f), explicitly stated that an obligor's right of rescission shall expire three years after "the date of consummation of the transaction or upon the sale of property, whichever occurs first," rather than when "the action accrues." Because Congress explicitly stated the statute of limitations' triggering event, the Court finds that the federal discovery rule is inapplicable to the TILA statute of repose. *See Perkins*, 551 F. Supp. 2d at 1254 (holding that, in the RESPA context, because Congress explicitly stated that the statute of limitations begins to run "from the date of the occurrence," rather than "when the action accrues," the federal discovery rule is inapplicable). Even if the federal discovery rule applied to TILA, the rule provides that a claim accrues when the plaintiff discovers, "or with reasonable diligence should have discovered," the injury that forms the basis of the claim. *Poskin v. TD Banknorth, N.A.*, 687 F. Supp. 2d 530, 550 (W.D. Pa. 2009); *see Alexander*, 382 F.3d at 1216 (noting that the statute of limitations is triggered when the plaintiff learned of facts that would put a reasonable person on notice that wrongful conduct caused the harm); *Romero v. Allstate Corp.*, 404 F.3d 212, 222 (3d Cir. 2005). Plaintiffs do not allege facts supporting a conclusion that reasonable diligence would not have led to discovery of the injury. For example, Plaintiffs allege that Defendants failed to disclose on the TILA statement (1) charges imposed on Plaintiffs in conjunction with "the extension of credit" and (2) charges identified on the settlement statement which listed an amount financed that was different from the amount listed in the original Note. Plaintiffs fail to allege facts supporting the conclusion that despite diligent efforts, they were incapable of recognizing this issue around the time of the loan closing. They do not allege any facts demonstrating diligent attempts to rectify the inconsistency between the closing date (April 24, 2006) and "only recently." Therefore, Plaintiffs have failed to plausibly assert any basis to toll their TILA

claims using either the federal discovery rule or the equitable tolling doctrine.  Accordingly, the Court finds that Plaintiffs' claims against all Defendants pursuant to TILA are time barred and **recommends** that those claims be **dismissed with prejudice**. *Gee*, 627 F.3d at 1181 (affirming dismissal with prejudice of claims as barred by the statute of limitations).

## C.    HOEPA

Plaintiffs seek rescission of their Mortgage based on Defendant WFB's alleged violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1602 and 1639. *Compl.* [#1] at ¶¶ 120-128. Plaintiffs allege that Defendant WFB violated HOEPA through its numerous acts and material omissions, including but not limited to failure to make required disclosures to Plaintiffs in a conspicuous fashion and engagement in a pattern of extending credit to Plaintiffs without regard for their ability to pay. *Id.* at ¶ 120. Specifically, Plaintiffs allege that Defendant WFB was required to make the following disclosure no later than three days prior to the closing: "You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application. If you obtain this loan, the lender will have a mortgage on your home. You could lose your home and any money you have put into it, and [sic] if you do not meet your obligation under the loan." *Id.* at ¶ 119. Plaintiffs argue that Defendant WFB's alleged failure to make this disclosure is a violation of HOEPA and that, as a result, Plaintiffs have the right to rescind the Mortgage that is the subject of this action and terminate Defendant WFB's security interest in the Property. *Id.* at ¶¶ 121, 122, 125. Plaintiffs alternatively argue that because it is unclear who is in possession of the Note and the rights it affords, it is an ownerless "phantom note." *Id.* at ¶¶ 126-127. Accordingly, Plaintiffs seek a refund

of "any money or property" they paid including all payments made in connection with the transaction, a rescission of the Mortgage, two times the amount of the transaction's finance charge, relinquishment of Defendants WFB's right to retain any proceeds, and actual damages, including attorney's fees. *Id.* at ¶ 125.

HOEPA is an amendment of TILA. In order to benefit from the protections of HOEPA, a borrower must provide a factual basis for its application. Specifically, the loan at issue must exceed a particular interest rate or the points and fees payable at closing must exceed certain rates. 15 U.S.C. § 1602(aa)(1). Putting aside whether HOEPA applies to the Mortgage, Defendant WFB first argues that this claim is time barred by the statute of limitations. *Motion* [#21] at 4. Plaintiffs allege that they "first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon them only recently." *Compl.* [#1] at ¶ 128.

Because HOEPA is an amendment to TILA, a one-year statute of limitations applies.[6] *See Dalton v. Countrywide Home Loans, Inc.*, 828 F. Supp. 2d 1242 (D. Colo. 2011) (holding that the plaintiff's HOEPA claim was barred by the "one-year statute of limitations"); *McDaniel v. Denver Lending Grp., Inc.*, No. 08-cv-02617-PAB-KLM, 2009 WL 1873581, at *14 (D. Colo. Jun. 30, 2009) (ruling that because HOEPA is an amendment of TILA, the one-year statute of limitations applies). Furthermore, the statute of limitations

---

[6] Plaintiffs' TILA §§ 1601 & 1605 claims seek a right to rescission, which is subject to a three-year statute of repose. Here, Plaintiffs' HOEPA claim adopts TILA's statute of limitations found in § 1640(e), which is one year. *Dalton v. Countrywide Home Loans, Inc.*, 828 F. Supp. 2d 1241, 1249 (D. Colo. 2011) (stating that § 1635 and its accompanying three-year statute of repose recognizes a right of rescission only as to certain transactions, specifically excluding residential mortgage transactions, which are subject to a one-year statute of limitations); *McDaniel*, 2009 WL 1873581, at *14.

period begins to run from the date of the consummation of the loan. *Dillard v. Bank of New York*, No. 09-cv-03008-WYD-BNB, 2011 WL 2714118, at *6 (D. Colo. July 13, 2011) ("[T]he one year limitations period begins to run, 'when credit is extended through the consummation of the transaction between the creditor and its customer without the required disclosures being made.'"); *Betancourt*, 344 F. Supp. 2d at 1258. As noted above, the loan closed on April 24, 2006 and Plaintiffs filed the Complaint more than six years later on November 29, 2012. *See Note* [#21-1] at 1; *Deed of Trust* [#21-2] at 1; *see generally Compl.* [#1].

As discussed above in § III.B., Plaintiffs fail to allege that they diligently pursued their rights or that Defendants interfered with Plaintiffs' ability to investigate their claim. Furthermore, here, Plaintiffs presumably would have been aware of their injury "by no later than three days" before the closing, because that was Defendants WFB's deadline for making its disclosures. *See Compl.* [#1] at ¶ 119. At that time, Plaintiffs had the opportunity to recognize whether the requisite disclosures were presented to them. Because Plaintiffs have not alleged diligent efforts to investigate whether proper disclosures were made or that Defendant WFB interfered with their investigation, Plaintiffs fail to plausibly assert any basis for equitable tolling. *See McKinsey v. GMAC Mortg., LLC*, No. 13-cv-00084-REB-MJW, 2013 WL 3448483, at *15 (D. Colo. July 9, 2013) (holding that the plaintiffs did not sufficiently allege tolling the statute of limitations where they made no "specific allegations that any of the defendants wrongfully impeded plaintiffs' ability to bring their . . . claim or that some extraordinary circumstances prevented them from filing their claims despite their diligent efforts."); *see, e.g., Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1235 (10th Cir. 1999) (recognizing that equitable tolling does not apply when a

plaintiff is aware of the facts necessary to bring a claim at the time required to assert it by the statute of limitations); *Edwards v. Int'l Union, UPGWA*, 46 F.3d 1047, 1055 (10th Cir. 1995) (refusing to apply equitable tolling when at the time of the expiration of the statute of limitations, plaintiff "was fully aware of [Defendants' alleged] misconduct").   Given Plaintiffs' failure to assert a basis for application of equitable tolling, their HOEPA claim is time barred.   Accordingly, the Court **recommends** that Plaintiffs' HOEPA claim against Defendant WFB be **dismissed with prejudice**.  *Gee*, 627 F.3d at 1181 (affirming dismissal with prejudice of claims as barred by the statute of limitations).

## D.   FDCPA

Plaintiffs allege that Defendants HSBC and MERS violated § 1692d of the FDCPA. *Compl.* [#1] at ¶ 103.   They seek actual damages, statutory damages in the amount of $1,000.00, and attorneys' fees.  *Id.*  Defendants contend that the FDCPA does not apply to Defendants because it only applies to "debt collectors" and Plaintiffs do not allege that any Defendant attempted to collect a debt.  *Motion* [#21] at 5.

Section 1692d prohibits a defendant from engaging in any conduct the natural consequences of which are to harass, oppress, or abuse any person in connection with the collection of a debt.  15 U.S.C. § 1692d.  The FDCPA prohibits deceptive and misleading practices by "debt collectors."  15 U.S.C. § 1692e.  Specifically, the FDCPA defines "debt collectors" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Therefore, the FDCPA is limited in its

application to those collecting the debts "of another" and does not apply to the activities of creditors seeking to collect their own debts. *Lyons v. WM Specialty Mortg. LLC*, No. 09-cv-00018-WYD-BNB, 2008 WL 2811810, at *7 (D. Colo. July 18, 2008). Moreover, the FDCPA provides that a creditor who collects its own debt using its own name is not a "debt collector." *Chase Home Fin. v. Lanier*, No. 08-cv-01286-WYD-MEH, 2008 WL 2477598, at *1 (D. Colo. June 18, 2008). The plaintiff in an FDCPA claim bears the burden of proving the defendant's debt collector status. *Mbaku v. Bank of America, Nat'l Assoc.*, No. 12-cv-00190-PAB-KLM, 2013 WL 425981, at *1, 9 (D. Colo. Aug. 20, 2012); *see Goldstein v. Hutton, Ingram, Yuzek, Gainen, Caroll & Bertolotti*, 374 F.3d 56, 60 (2d Cir. 2004). The Court analyzes whether either Defendant HSBC or Defendant MERS qualify as "debt collectors" in turn.

First, a bank collecting its own debt which was not in default when obtained is not a "debt collector." *See* § 1692a(6)(F)(iii); *Llewellyn v. Allstate Home Loans, Inc.*, 795 F. Supp. 2d 1210, 1231 (D. Colo. 2011) (stating that "[c]ourts have consistently ruled that a creditor . . . is not a 'debt collector' under the FDCPA"); *Zimmerman v. The CIT Group, Inc.*, No. 08-cv-00246-ZLW-KLM, at *9 (D. Colo. Oct. 6, 2008) (holding that a creditor attempting to collect its own debt is not a debt collector under the FDCPA). Additionally, the holder of the note (here, Defendant HSBC) "is not a 'debt collector' within the meaning of the [FDCPA] because [the note holder] is not attempting to collect the debt of another." *Mbaku*, 2012 WL 6976973, at *5 (quoting *Toone v. Wells Fargo Bank, N.A.*, No. 2:11-CV170, 2011 WL 4499299, at *3 (D. Utah Sept. 27, 2011)). Therefore, because HSBC initiated foreclosure proceedings on the Property using *its own Note* to collect *its own debt*, it is not a "debt collector" pursuant to § 1692a(6).

Second, Plaintiffs do not allege that MERS initiated foreclosure proceedings, harassed, oppressed, or abused Plaintiffs, or even attempted to collect a debt. Therefore, Plaintiffs' allegations are insufficient to allege an FDCPA violation. *See Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236-1237 (10th Cir. 2013) (holding that plaintiff's complaint was insufficient where it failed to allege that defendant was a debt collector whose efforts to collect a debt violated the FDCPA); *Mickelson v. Chase Home Finance, LLC*, No. C11-1445 MJP, 2012 WL 3230496, at *1 (W.D. Wash. Aug. 6, 2012) (granting defendants' motion for summary judgment where no "allegations" existed showing that MERS attempted to collect on a debt). Therefore, Plaintiffs fail to allege any facts supporting their contention that any Defendants were debt collectors attempting to collect a debt pursuant to the FDCPA. Accordingly, Plaintiffs' FDCPA claims against Defendants HSBC and MERS fail as a matter of law. The Court **recommends** that the claims against Defendant HSBC be **dismissed with prejudice**, because the facts alleged demonstrate that HSBC is not a debt collector. Furthermore, the Court **recommends** that the claims against Defendant MERS be **dismissed without prejudice**, because Plaintiffs failed to allege facts sufficient to demonstrate MERS' debt collection role one way or another. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-1217 (10th Cir. 2006) (holding dismissal on the merits of the complaint is ordinarily with prejudice); *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding prejudice should not attach to a dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").

E.     **FCRA**

Plaintiffs allege that Defendants HSBC and MERS violated FCRA § 1681s-(2)(b) by "wrongfully, improperly, and illegally report[ing] negative information as to the Plaintiffs to one or more credit reporting agencies, resulting in Plaintiffs' having negative information on [their] credit reports and the lowering of [their] FICO scores." *Compl.* [#1] at ¶ 98. Defendants contend that Plaintiffs' claim fails as a matter of law because they have not alleged that they disputed the credit information with a credit reporting agency, a prerequisite to an FCRA § 1681s-(2)(b) claim. *Motion* [#21] at 6. Therefore, Defendants HSBC and MERS argue that any duty to investigate and correct improper credit information under the FCRA was never triggered and Plaintiffs' FCRA claim should fail. *Id.* at 6-7.

The FCRA imposes a duty on entities who provide information to credit reporting agencies, referred to as "furnishers," to accurately report information. 15 U.S.C. § 1681s-2(a); *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138 (10th Cir. 2012). While it also gives consumers a private right of action against those who violate its provisions, *see* 15 U.S.C. § 1681n (right of action against willful violators) and 15 U.S.C. § 1681o (right of action against negligent violators), that right of action is limited to claims against the credit reporting agency; it does not extend to furnishers. 15 U.S.C. § 1681s-2(c); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-1060 (9th Cir. 2002); *see Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F.App'x 744, 751 (10th Cir. 2009). However, consumers may enforce the duty of accurate reporting through the FCRA's dispute process, which allows consumers to trigger the furnisher's duty to investigate a consumer's credit dispute "only if [the furnishers] are notified of the dispute by a credit reporting

agency." *See* U.S.C. § 1681i(a)(2)(A); *Sanders*, 689 F.3d at 1147; *Pinson*, 316 F.App'x at 751. When the furnisher receives "notice of a dispute from the credit reporting agency," it must then perform the verification and correction duties described in 15 U.S.C. § 1681s-2(b). *See Pinson*, 316 F.App'x at 751. In other words, the only portion of the FCRA that consumers can enforce against creditors is found in § 1681s-2(b), which requires that consumers first file a complaint with a credit rating agency before bringing such an action. *See* U.S.C. § 1681i(a)(2)(A); § 1681s-2(b); *Collins v. BAC Home Loans Servicing LP*, 912 F. Supp. 2d 997, 1009, 1010 (D. Colo. 2012) (holding that furnisher's duties only arise if it receives notice from a credit rating agency of the dispute); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) ("[Notice to a credit rating agency] is necessary to trigger the furnisher's duties under Section 1681s-2(b)."); *Burrell v. DFS Services, LLC*, 753 F. Supp. 2d 438, 445 (D. N.J. 2010) (stating that "§ 1681s-2(b) . . . requires consumers to meet an obscure procedural requirement—namely, filing a complaint with a credit rating agency (which is then required to pass the complaint on to the creditor)—before bringing such an action"). Here, Plaintiffs do not allege that they initiated this process by first disputing the credit information with the credit rating agency. *Sanders,* 689 F.3d at 1147 (affirming the district court's dismissal of Plaintiffs' FCRA claim because Plaintiffs never alleged that they initiated the FCRA's dispute process); *Collins v. BAC Home Loans Serv. LP*, 912 F. Supp. 2d 997, 1010 (D. Colo. 2012) ("There is no private right of action if a furnisher violates its affirmative duties under section 1681s-2(a) . . . when a consumer brings his dispute *directly to the furnisher*.") (italics in original); *see also Llewellyn v. Shearson Fin. Network, Inc.*, 622 F. Supp. 2d 1062, 1072 (D. Colo. 2009) (holding that courts have nearly uniformly concluded that "the duty to investigate disputes

under § 1681s-2(b) [arises] only when the person furnishing the information is notified of the dispute by a credit reporting agency, not when the borrower directly contacts the person furnishing the information."). Therefore, Defendants' duty to investigate and correct any improper information under the FCRA was never triggered. Accordingly, the Court **recommends** that Plaintiffs' FCRA claim against all Defendants be **dismissed with prejudice**. *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (stating that dismissal with prejudice is appropriate where the plaintiff's amended pleadings fail to cure the deficiencies in his claims).

**F.     State Law Claims**

Remaining are Plaintiffs' six state law claims against Defendants, which seek declaratory and injunctive relief. Plaintiffs assert claims of: negligence per se, wrongful foreclosure, accounting, breach of covenant of good faith and fair dealing, unjust enrichment, and fraudulent misrepresentation. *Compl.* [#1] at ¶¶ 42-96. Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *See also Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . ., the district court may decline to exercise pendant or supplemental jurisdiction over plaintiff's state claims"). Here, having recommended dismissal of Plaintiffs' federal claims, the Court further **recommends** that the District Judge decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

### G.   John Doe Defendants

Plaintiffs allege that they "are ignorant of the true names and [c]apacities of [D]efendants sued herein as DOES 1 through 10, inclusive, and therefore sue[] these Defendants by such fictitious names and all persons unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to Plaintiffs' title, or any cloud on Plaintiffs' title thereto."  *See Compl.* [#1] at ¶ 4. Plaintiffs further allege that they "will amend this complaint to allege their true names and [c]apacities when ascertained."  *Id.*

"[P]ursuant to Fed.R.Civ.P. 10(a), a caption to a complaint must include the names of all parties."  *Crosby v. Nelson*, No. 12-CV-01995-PAB-KLM, 2013 WL 4757258, at *5 (D. Colo. May 9, 2013) (citing *Culp v. Williams*, No. 10–cv–00886–CMA–CBS, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011) ("Culp I"), aff'd, 456 F.App'x 718 (10th Cir.2012) ("Culp II"). Because the "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit, 'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'"  *Id.* (citing *Culp I*, 2011 WL 1597686, at *3 (quoting *Stratton v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989))); *see also* 2 James Wm. Moore *et al.*, Moore's Federal Practice § 10.02[2][d] at 10–16 (3d ed. 2010) ("The court will not permit use of the 'Doe' designation for a defendant if the plaintiff's ignorance of the defendant's true identity is the result of willful ignorance or lack of reasonable inquiry. If reasonable inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed.").

In the instant case, Plaintiffs first filed this action and named Does 1 through 10 as Defendants on November 29, 2012.  *See generally Compl.* [#1].  More than a year has

passed since this case's inception. Plaintiffs have provided no good reason why they have been unable to obtain the true identity of these unnamed Defendants. Additionally, Plaintiffs' allegations against these Defendants are vague and fail to meet the pleading standards under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Plaintiffs sue Does 1 through 10 and "all persons unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to Plaintiffs' title," but do not allege any actions by any of these unnamed Defendants. *See Compl.* [#1] at ¶ 4.

Accordingly, the Court recommends that Plaintiffs' claims against Defendants Does 1 through 10 be **dismissed without prejudice**. *See Culp II*, 456 F.App'x, at 720 (affirming dismissal of claims against John Doe defendants); *Culp I*, 2011 WL 1597686, at *4 (dismissing claims against John Doe defendants due to the plaintiff's failure to properly identify the defendants or provide clear allegations against them).

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendants' **Motion** [#21] be **GRANTED**. Accordingly,

IT IS FURTHER **RECOMMENDED** that Plaintiffs' claims pursuant to RESPA, TILA, HOEPA, FDCPA, and FCRA be **DISMISSED WITH PREJUDICE**.

IT IS FURTHER **RECOMMENDED** that Plaintiffs' claims brought pursuant to state law be **DISMISSED WITHOUT PREJUDICE**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 22, 2014          BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge