**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-03119-REB-KLM

DAVID VERES, and
ROBIN VERES,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.,
HSBC BANK USA NATIONAL ASSOCIATION, as trustee for Wells Fargo Asset
Securities Corporation, Mortgage Pass-Through Certificate Series 2006AR11,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, and
DOES 1-10, Inclusive,

    Defendants.

---

**ORDER OVERRULING OBJECTION TO AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

    The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#23],[1] filed January 22, 2014; and (2) **Defendants' Partial Objection to Magistrate Judge's Recommendation** [#24], filed February 5, 2014. I overrule the objection, adopt the recommendation, and grant the apposite motions to dismiss in the manner suggested by the magistrate judge.

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the

---

[1] "[#23]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filingsystem (CM/ECF). I use this convention throughout this order.

recommendation, objections, and applicable caselaw.  The recommendation is detailed and well-reasoned.  Defendants' only objection goes to that portion of the magistrate judge's order that recommends the court decline to exercise supplemental jurisdiction over plaintiffs' state law claims.  In this regard, defendants maintain that a dismissal without prejudice of these claims would permit plaintiffs potentially to refile in state court, where, based on diversity of citizenship, defendants could then remove the case to federal district court and seek dismissal.

Although I appreciate the equities involved in defendants' arguments, the fact remains that jurisdiction in this matter was not pleaded on the basis of diversity of citizenship, but rather under federal law.  (***See* Verified Complaint** ¶¶ 5 & 6 at 2 (describing action as a "core proceeding" and invoking federal bankruptcy jurisdiction.) There are no allegations in the Verified Complaint from which defendants' citizenship can be determined, and defendants' bare, unsubstantiated statements in their objection are insufficient to permit the court to make conclusions on the matter.  There is thus no basis to depart from the general practice of declining to exercise supplemental jurisdiction over pendant state claims when all federal claims have been dismissed prior to trial.  ***United States v. Botefuhr***, 309 F.3d 1263, 1273 (10th Cir. 2002).[2]

I thus find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

---

[2] Moreover, the court notes that plaintiffs appear to have ceased litigating this matter after February 19, 2013, the date they filed for bankruptcy under Chapter 13.  The likelihood of these claims being resurrected in another proceeding therefore strikes the court as rather remote.

2

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#23], filed January 22, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in **Defendants' Partial Objection to Magistrate Judge's Recommendation** [#24], filed February 5, 2014, are **OVERRULED**;

3. That **Defendants' Motion To Dismiss and Supporting Memorandum Brief** [#21], filed May 24, 2013, is **GRANTED**;

4. That plaintiffs' claims alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the Home Ownership and Equity Protection Act ("HOEPA"), and the Fair Credit Reporting Act ("FCRA") as against all defendants implicated therein are **DISMISSED WITH PREJUDICE**;

5. That plaintiffs' claims under the Fair Debt Collection Practices Act ("FDCPA") are **DISMISSED** as follows:

    a. That this claim against defendant HSBC Bank USA National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificate Series 2066AR11, is **DISMISSED WITH PREJUDICE**;

    b. That this claim against defendant Mortgage Electronic Registration Systems is **DISMISSED WITHOUT PREJUDICE**;

6. That plaintiffs' claims against defendants Does 1-10, Inclusive, are **DISMISSED WITHOUT PREJUDICE**;

7. That the court **DECLINES** to exercise supplemental jurisdiction over plaintiffs' pendant state law claims and thus these claims are **DISMISSED WITHOUT PREJUDICE**;

8. That judgment with prejudice **SHALL ENTER** as follows:

   a. On behalf of defendant Wells Fargo Bank, N.A., against plaintiffs, David Veres and Robin Veres, as to plaintiffs' claims alleging violations of RESPA, TILA, HOEPA, and the FCRA;

   b. On behalf of defendants, HSBC Bank USA National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificate Series 2066AR11; and Mortgage Electronic Registration Systems, against plaintiffs, David Veres and Robin Veres, as to plaintiffs' claims alleging violations of RESPA, TILA, and the FCRA;

   c. On behalf of defendant, HSBC Bank USA National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificate Series 2066AR11, against plaintiffs, David Veres and Robin Veres, as to plaintiffs' FDCPA claim;

9. That judgment without prejudice **SHALL ENTER** as follows:

   a. On behalf of defendant, Mortgage Electronic Registration Systems, against plaintiffs, David Veres and Robin Veres, as to plaintiffs' FDCPA claim;

   b. On behalf of defendants, Does 1-10, Inclusive, against plaintiffs, David and Robin Veres, as to all claims and causes of action asserted against

       these defendants;

       c.  On behalf of defendants, Wells Fargo Bank, N.A.; HSBC Bank USA National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificate Series 2066AR11; Mortgage Electronic Registration Systems; and Does 1-10, Inclusive, against plaintiffs, David Veres and Robin Veres, as to all state law claims and causes of action asserted herein; and

10.  That defendants are **AWARDED** their costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated March 21, 2014, at Denver, Colorado.

                                  **BY THE COURT:**

                                  */s/ Robert E. Blackburn*
                                  Robert E. Blackburn
                                  United States District Judge